B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, | **DEFENDANTS**<br>JESSICA ELIZABETH FORD |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>ILLINOIS ATTORNEY GENERAL'S OFFICE<br>33 S. State Street - Suite 992<br>Chicago, Illinois 60603 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>■ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>■ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Debtor-defendant obtained from plaintiff unemployment insurance benefits to which he/she was not entitled to by the use of false pretenses and false representations to the plaintiff. This adversary is brought to determine dischargeability of the debt pursuant to Section 523(a)(2)(A) of the Revised Bankruptcy Act (11 U.S.C. 523)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
■ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 8,463.94 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>JESSICA ELIZABETH FORD | | BANKRUPTCY CASE NO.<br>23-12601 | |
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN | | DIVISION OFFICE<br>EASTERN | NAME OF JUDGE<br>JACQUELINE P. COX |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Andrew L. Dryjanski/* | | | |
| DATE<br>2/9/24 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ANDREW L. DRYJANSKI<br>ASSISTANT ATTORNEY GENERAL | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:   Case No. 23-12601 | ) |
| | ) |
| JESSICA ELIZABETH FORD, | ) |
| | ) Bk No. 23-12601 |
| Debtor, | ) |
| | ) |
| THE ILLINOIS DEPARTMENT OF | ) Adv. Pro. No. _____ |
| EMPLOYMENT SECURITY, | ) |
| | ) |
| Plaintiff, | ) Honorable Jacqueline P. Cox |
| JESSICA ELIZABETH FORD, | ) |
| | ) Chapter 7 |
| Defendant. | ) |

### VERIFIED COMPLAINT TO DETERMINE
### DISCHARGEABILITY OF DEBT

1. This complaint to determine the dischargeability of a debt in bankruptcy under Sections 523(a)(2)(A) and 523(a)(2)(B), of the Revised Bankruptcy Act (11 U.S.C.A. 523) commences an adversary proceeding within the meaning of Bankruptcy Rule 7001.

2. The above-named debtor has filed with this court a petition under Chapter 7 of the Bankruptcy Code, Case No. 23-12601.

3. The debt owed to the Illinois Department of Employment Security ("IDES") was not listed by debtor in her initial Chapter 7 bankruptcy petition.

4. The debt owed to IDES existed as early as November, 2017 and debtor was made aware of the debt in November, 2017.

5. On September 27, 2023, the Clerk of the Court issued the BNC Certificate of Notice-Meeting of Creditors (Doc. 11), IDES was not listed as a receipt of the notice.

6. On December 7, 2023, the pro se debtor, filed Amended Schedules E/F, H (Doc. 23) which purports to list IDES as a creditor with an unsecured claim.

7. IDES did not receive notice of the filing of the Amended Schedules.

8. Federal Rules of Bankruptcy Procedure 1009(a) states a debtor has the right to amend its voluntary petition. However, Rule 1009(a) also requires the debtor to give notice to the trustee and any entity affected by the amendment.

9. Debtor failed to give notice of the Amended Schedules to creditor IDES.

10. IDES did not receive actual notice of the Chapter 7 bankruptcy until receipt of the Notice of Discharge issued on February 3, 2024, (Doc. 32), well after the deadline to object to dischargeabilty.

11. The objection to the dischargeability of a debt was due by December 19, 2023.

12. IDES did not receive actual notice of the debtor's Chapter 7 bankruptcy until on or after February 3, 2024.

13. Because IDES was not listed by the debtor in her initial petition and because debtor failed to provide IDES notice of debtor's Amended Schedules E/F, IDES did not have true or actual knowledge of debtor's bankruptcy in time to file a request for a determination that its claim is nondischargeable pursuant to Section 523(a)(2)(A) and 523(a)(3)(B).

14. Plaintiff is a creditor of the debtor having filed a claim totaling $8,463.94.

15. Plaintiff is a department of the government of the State of Illinois charged with, among other things, the administration of the Illinois Unemployment Insurance Act. 820 ILCS 405/100 (1992) et seq.

16. The Act provides unemployment benefits to qualifying individuals who are ready, willing, and able to work but are unable to find employment. 820 ILCS 405/500.

17. The Department is authorized to establish by regulation the required procedure to apply for and continue receiving benefits. 820 ILCS 405/700.

18. After initially applying and being awarded benefits, a claimant is required to regularly certify to the Department that he or she continues to meet the eligibility requirements for each week of benefits received. 59 Ill. Admin. Code 2720.115.

19. The Department may recover benefits for any periods it determines the claimant was ineligible to receive them. 820 ILCS 405/900; 820 ILCS 405/901.

20. An individual is ineligible for benefits for any week for which he/she receives disqualifying income in an amount equal to or greater than his/her weekly benefit amount. If such disqualifying income is less than the claimant's weekly benefit amount, he/she is entitled to partial benefits if she is "unemployed" during that week. 820 ILCS 405/239 and 820 ILCS-405/402.

21. Plaintiff seeks to have the debt owed to it by the debtor-defendant determined non-dischargeable.

22. Debtor-defendant obtained from plaintiff unemployment insurance benefits in the amount of $10,162.00 to which she was not entitled by the use of false pretenses and false representations to plaintiff.

23. The false representations referred to in paragraph 22 consisted of debtor-defendant certifying that during the period of October 1, 2016 through January 21, 2017, she was unemployed, earned no wages, and was actively seeking work when in fact she was employed and earned wages from JP Morgan Chase Bank.

24. Debtor-defendant did not report her employment or earnings even though she was aware of her duty to do so.

25. As a result of the above-stated false representations made by debtor-defendant to plaintiff, debtor-defendant received $10,162.00 in unemployment benefits to which she was not entitled.

26. Subsequent investigation undertaken by plaintiff disclosed that, during the aforesaid period, the debtor-defendant had knowingly failed to disclose her employment and earnings from JP Morgan Chase Bank, for the purpose of obtaining unemployment benefits to which she was not entitled.

27. On November 27, 2017, an administrative decision was issued by plaintiff determining that the debtor-defendant knowingly failed to disclose her employment and earnings for the purpose of obtaining benefits to which she was not entitled. A copy of said decision is attached hereto and made a part hereof as Exhibit "A."

28. Defendant has made payments totaling $1,698.06, reducing the balance to $8,463.94.

29. On February 9, 2024 the Illinois Attorney General's Office received the Military Status Report from the United States Department of Defense, the report states that the defendant, JESSICA ELIZABETH FORD, is not currently on active military duty. Attached is an affidavit (Exhibit "B").

30. Pursuant to Section 523(a)(2)(A) and 523(a)(3)(B) of the Bankruptcy Code, the debt owed to plaintiff by debtor-defendant is not dischargeable as it is a "debt for obtaining money by false pretenses, a false representation, or actual fraud."

WHEREFORE, plaintiff prays that this court:

a. Set the matter of the dischargeability of the debts owed from debtor-defendant to plaintiff for hearing;

b. Find that said debt in the amount of $8,463.94 is not dischargeable and enter judgment thereon.

c. Grant such other and further relief as this Court deems just.

Respectfully submitted,

KWAME RAOUL
ATTORNEY GENERAL
STATE OF ILLINOIS

BY: _____
ANDREW L. DRYJANSKI
Assistant Attorney General

KWAME RAOUL
ATTORNEY GENERAL
STATE OF ILLINOIS
**OF COUNSEL**:
ANDREW L. DRYJANSKI
Assistant Attorney General
33 S. State St. - Suite 992
Chicago, Illinois 60603
(312) 793-9210

## AFFIDAVIT

This affiant, being first duly sworn on oath, deposes and says that he/she is a duly authorized agent of the plaintiff, that as such, he/she has full knowledge of the facts relating to the above complaint and that the facts alleged therein are true.

_____

Subscribed and sworn to before me this

9th day of February, 2024.

_Deja Robinson_
NOTARY PUBLIC



-5-